IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| Paul Chandler, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 13-2450 |
| ) | |
| WFM-WO, Inc., Whole Foods ) | |
| Market Group, Inc. and ) | |
| Manitoba Harvest Hemp Food ) | |
| & Oils, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

Before the Court is Plaintiff Paul Chandler's ("Chandler") July 24, 2013 Motion to Remand to State Court. (Mot. ECF No. 8.) On July 26, 2013, Defendants WFM-WO, Inc., Whole Foods Market Group, Inc., and Manitoba Harvest Hemp Food & Oils (collectively, "Defendants") filed an unopposed motion to stay the case pending the Court's ruling on the Motion to Remand and Defendants' motion to dismiss. (ECF No. 11.) The Court granted the motion to stay on July 29, 2013. (ECF No. 12.) On August 6, 2013, Defendants responded to the Motion to Remand. (Resp., ECF No. 13.) For the following reasons, the Motion to Remand is DENIED.

**I. Background**

Chandler filed this action on June 4, 2012, in the Circuit Court for the Thirtieth Judicial District in Shelby County, Tennessee (the "Complaint"). (Compl., ECF No. 1-2.) Chandler is a resident of Tennessee. (Id. ¶ 1.) Defendant WFM-WO, Inc. is a Delaware corporation with a principal place of business in Texas. (Id. ¶ 2.) Defendant Whole Foods Market Group, Inc. is also a Delaware corporation with a principal place of business in Texas. (Id. ¶ 3.) Defendant Manitoba Harvest Hemp Foods & Oils is a company organized under the laws of Canada with a principal place of business in Canada. (Id. ¶ 4.) Chandler seeks $180,636 in damages. (Id. ¶ 24.)

Chandler never served copies of the Complaint and summons on Defendants. (Id. ¶ 2; Mot., ECF No. 8 ¶ 6.) On June 24, 2013, Defendants filed a Notice of Removal under 28 U.S.C. § 1446 based on diversity jurisdiction. (Not. of Rem., ECF No. 1.)

**II. Analysis**

Chandler asserts three grounds for remand to state court: (1) the removal statute's 30-day limitation began when Defendants obtained a copy of the Complaint, (2) Chandler may destroy diversity jurisdiction by filing an amended complaint reducing the amount in controversy to $72,000, and (3) under § 1446(c)(1), Defendants were not permitted to remove more than a

year after the filing of the Complaint. (See Mot., ECF No. 8.) The Motion is not well taken.

Under 28 U.S.C. § 1332(a), this Court has original jurisdiction of all civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs". 28 U.S.C. § 1332(a)(1). If a plaintiff sues a defendant in state court and the action satisfies the requirements of diversity jurisdiction, the defendant may remove the case to federal court by filing a notice of removal. 28 U.S.C § 1446(b)(1). Removal must occur within 30 days of the defendant's being served "by formal process." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 244, 347 (1999). "Formal process" requires that the defendant receive:

> simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, but not mere receipt of the complaint unattended by any formal service.

Id. (internal quotation marks omitted). The parties are completely diverse and the amount-in-controversy requirement is satisfied. Because Chandler never formally served process, the 30-day period never began to run and Defendants timely filed the Notice of Removal.

Chandler cannot now destroy diversity jurisdiction by amending the Complaint to assert damages below the statutory

3

minimum. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 285-86 (1938) (accord Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 872 (6th Cir. 2000)). Jurisdiction is determined "as of the instant of removal." Rogers, 230 F.3d at 872. A post-removal . . . amendment to the complaint" to reduce the amount in controversy cannot destroy the Court's jurisdiction. Id.

Section § 1446(c)(1) does not prohibit Defendants from removing the case more than a year after it was filed. The one-year limitation stated in 28 U.S.C. 1446(c)(1) applies only to cases removed under subsection (b)(3), which allows removal of cases that were "not removable" under their "initial pleading." 28 U.S.C § 1446(b)(3). Because Chandler's initial pleading, the Complaint, alleged complete diversity and an amount in controversy in excess of $75,000, the one-year limitation in § 1446(c)(1) does not apply. See Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534 (6th Cir. 1999).

### III. Conclusion

For the foregoing reasons, the Court has jurisdiction. The Motion to Remand is DENIED.

So ordered this 24th day of April, 2014.

s/ Samuel H. Mays, Jr.  
SAMUEL H. MAYS, JR.  
UNITED STATES DISTRICT JUDGE