IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| Paul Chandler, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 13-2450 |
| | ) | |
| WFM-WO, Inc., Whole Foods | ) | |
| Market Group, Inc. and | ) | |
| Manitoba Harvest Hemp Food | ) | |
| & Oils, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION TO DISMISS

Before the Court is the Motion to Dismiss (the "Motion")
filed by Defendants WFM-WO, Inc. ("WFM-WO"), Whole Foods Market
Group, Inc. ("Whole Foods"), and Manitoba Harvest Hemp Food &
Oils ("Manitoba") (collectively, "Defendants") on July 18, 2013.
(Mot., ECF No. 3.)   On July 26, 2013, Defendants filed an
unopposed motion to stay the case pending the Court's ruling on
the Motion and a motion to remand.   (ECF No. 11.)   The Court
granted the motion to stay on July 29, 2013.   (ECF No. 12.)   On
August 14, 2013, Plaintiff Paul Chandler ("Chandler") responded
to the Motion.   (Resp., ECF No. 14.)   For the following reasons,
the Motion is GRANTED.   The case is DISMISSED.

## I.   Background

Chandler filed this action on June 4, 2012, in the Circuit Court for the Thirtieth Judicial District in Shelby County, Tennessee (the "Complaint"). (Compl., ECF No. 1-2.) The same day, Chandler had process issued for Whole Foods. (See Shelby County Circuit Court Docket Sheet, ECF No. 4-1 at 4.) However, Chandler never served process on Whole Foods, nor did he ever cause process to issue for WFM-WO or Manitoba. (Mot., ECF No. 4 at 2-3.) On June 4, 2013, Chandler filed a Motion to Continue Period to Effect Service of Process as to all Defendants, citing the expense of serving a party in Canada and the need for time to collect funds to retain experts ("Chandler's Motion"). (Plaint. Cir. Ct. Mot., ECF No. 4-2 ¶¶ 4, 8.) On June 24, 2013, before Chandler's Motion had been decided, Whole Foods filed a Notice of Removal, removing the case to this Court. (Not. of Rem., ECF No. 1.)

Chandler alleges Defendants sold him a defective product that caused him to lose his job. (Compl., ECF No. 1-2 ¶¶ 10, 16.) On or about June 2, 2011, Chandler purchased from Whole Foods a bottle of hemp seed oil manufactured by Manitoba. (Id. ¶ 10.) He began to use the oil on a daily basis. (Id. ¶ 14.) On or about June 30, 2011, Chandler was randomly selected for a drug test by his employer, Butler-Tillman Express Tracking. (Id. ¶ 15.) He tested positive for THC in his system and was terminated. (Id. ¶¶ 15, 16.) Chandler alleges that he never

used marijuana and that Defendants' product was the source of the THC. (Id. ¶ 18.) He seeks $180,636 in damages for products liability, gross negligence, and negligence. (Id. ¶ 24.)

## II. Jurisdiction and Choice of Law

Under 28 U.S.C. § 1332(a), this Court has original jurisdiction of all civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs". 28 U.S.C. § 1332(a)(1). Chandler is a Tennessee resident. (Id. ¶ 1.) Defendant WFM-WO is a Delaware corporation with a principal place of business in Texas. (Id. ¶ 2.) Defendant Whole Foods is also a Delaware corporation with a principal place of business in Texas. (Id. ¶ 3.) Defendant Manitoba is a company organized under the laws of Canada with a principal place of business in Canada. (Id. ¶ 4.) Chandler seeks $180,636 in damages. (Id. ¶ 24.) The parties are completely diverse, and the amount-in-controversy requirement is satisfied.

In a diversity action, state substantive law governs. See Brocklehurst v. PPG Indus., Inc., 123 F.3d 890, 894 (6th Cir. 1997) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)). Where, as here, there is no dispute that a certain state's substantive law applies, the court will not conduct a "choice of law" analysis *sua sponte*. See GBJ Corp. v. Eastern

<u>Ohio Paving Co.</u>, 139 F.3d 1080, 1085 (6th Cir. 1998). Tennessee substantive law applies.

## III. Standard of Review

In addressing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. <u>League of United Latin Am. Citizens v. Bredesen</u>, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 563 (2007).

This standard requires more than bare assertions of legal conclusions. <u>Bovee v. Coopers & Lybrand C.P.A.</u>, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555. To survive a motion to dismiss, a complaint must contain sufficient facts "to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." Id. at 1949 (citation omitted). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." Id. at 1950.

**IV.  Analysis**

Defendants argue that the one-year statute of limitations for products liability claims has run because it was not tolled by Chandler's incomplete service of process. Chandler disagrees.

In diversity cases, state law and procedural rules govern statutes of limitations and the effectiveness of service of process in tolling those statutes. Guaranty Trust Co. of N.Y. v. York, 326 U.S. 99, 110 (1945) (holding that federal courts sitting in diversity must honor state statutes of limitations); West v. Conrail, 481 U.S. 35, 39 n.4 (1987) ("Respect for the State's substantive decision that actual service is a component of the policies underlying the statute of limitations requires that the service rule in a diversity suit be considered part and parcel of the statute of limitations."); 4A Charles Allen Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 1082 (3d ed. 1998) ("In determining the validity of service in the state court prior to removal, a federal court must apply the law of the state under which the service was made.").

Chandler's claims are governed by Tennessee's statute of limitations for products liability claims.  See Alexander v. Third Nat'l Bank, 915 S.W.2d 797, 799 (Tenn. 1996) (holding that the gravamen of an action rather than its designation determines its legal nature).  A products liability action includes:

> all actions brought for or on account of personal injury . . . caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of any product.  [It also] includes . . . all actions based upon . . . negligence . . . or any other substantive legal theory in tort or contract . . . .

Tenn. Code Ann. § 29-28-102(6).  Chandler's claims of products liability, gross negligence, and negligence arise from Defendants' alleged faulty preparation and testing of the hemp oil Chandler used.  All are within the scope of a products liability action.

Subject to exceptions not applicable here, a products liability action against a manufacturer or seller of a defective product must be brought within one year after the cause of action accrues.  Tenn. Code Ann. § 29-28-103(a); § 29-28-104.  "[T]he cause of action for injury to the person shall accrue on the date of the personal injury . . . ."  § 29-28-104(b).  Chandler's alleged injury occurred on June 30, 2011, when he tested positive for THC in his system because of Defendants'

defective hemp oil. The deadline to file this action was June 30, 2012.

Although Chandler filed the Complaint on June 4, 2012, the Complaint was inadequate to toll the statute of limitations because Chandler never served process on Defendants. See Slone v. Mitchell, 205 S.W.3d 469, 473 (Tenn. Ct. App. 2005). Under the Tennessee Rules of Civil Procedure:

> If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

Tenn. R. Civ. P. 3. Justification for delay does not make a complaint effective. See Slone, 205 S.W.3d at 473 ("[T]he reason for process not being issued is not a consideration.") Withholding service for one year, even "for a very reasonable purpose," renders a complaint ineffective for tolling the statute of limitations. Jones v. Cox, 316 S.W.3d 616, 622 (Tenn. Ct. App. 2008). A plaintiff's difficulty obtaining an opinion from an expert does not affect the rule's strict application. Jones v. Vasu, 326 S.W.3d 578 (Tenn. Ct. App. 2010). Because more than one year has passed since Chandler filed the Complaint and he has not obtained issuance of process or new process within the meaning of Rule 3 or served process on

7

Defendants, the Complaint did not toll the statute of limitations applicable to this cause of action.

The limitations period on Chandler's claims has run. This action is time barred.

**V. Conclusion**

For the foregoing reasons, the Motion to Dismiss is GRANTED.

So ordered this <u>24th</u> day of April, 2014.

s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE
